JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVDIP SINGH, | ) |
|     Petitioner, | ) No. C-08-2355-JF |
| v. | ) **MOTION TO DISMISS OR, IN THE** |
| | ) **ALTERNATIVE, TO TRANSFER;** |
| MICHAEL CHERTOFF, Secretary of the | ) **AND [PROPOSED] ORDER** |
| Department of Homeland Security; MICHAEL | ) |
| MUKASEY, U.S. Attoreny General; DAVID N. | ) |
| STILL, Director of Immigration and Naturalization | ) |
| Services (USCIS), | ) |
|     Respondents. | ) |

## I. INTRODUCTION

The petitioner, Navdip Singh, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 with this Court on May 7, 2008.[1] In the habeas petition, Singh contends that he is being

---

[1] Although the petitioner states that he is proceeding *pro se*, the respondents note that the petitioner lists his address in the caption of his habeas petition as "Box 6801, Orange, California, 92863," which is the address of the attorney, Viney K. Gupta, who is currently representing him at the administrative level. *See* Attachments to Habeas Petition. The respondents also note that the Certificate of Service, which is located on the last page of the habeas petition, is signed by Mr. Gupta, and that the habeas petition was served on the U.S. Attorney's Office in an envelope with a return address of: Immigration Law Office, P.O. Box 6801, Orange, CA 92863. Finally, the undersigned received an email from Mr. Gupta on May 3, 2008, asking the undersigned to review a draft of the habeas petition and "respond before me [sic] file."

MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
C-08-2355 JF

held indefinitely by the United States Immigration and Customs Enforcement (ICE) at the Mira Loma Detention Center in Lancaster, California, with no significant likelihood of his removal to India in the reasonably foreseeable future, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The respondents respectfully ask this Court to dismiss the habeas petition or, in the alternative, to transfer the habeas petition to the Central District of California.

## II.  FACTS AND PROCEDURAL HISTORY

Singh is a native and citizen of India who entered the United States without inspection on October 1, 1991.  Declaration of Miguel Ayala ¶ 3.  He was ordered removed by an Immigration Judge on March 6, 2000.  Ayala Declaration ¶ 5.  The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's order on April 14, 2003.  Ayala Declaration ¶ 6.  On August 16, 2007, the United States Immigration and Customs Enforcement (ICE) arrested Singh in order to execute his removal order.  Ayala Declaration ¶ 7.  Singh has filed a motion to reopen his removal proceeding with the BIA, which is pending.  Habeas Petition ¶ 12.  Singh is being detained by ICE at the Mira Loma Detention Center, 45100 North 60th Street West, Lancaster, California, 93536.  Ayala Declaration ¶ 8.  The Consulate General of India has not yet issued a travel document, which is required to effectuate Singh's removal to India.  Ayala Declaration ¶ 9.

## III.  DISCUSSION

Where, as here, an individual challenges his confinement under 28 U.S.C. § 2241, jurisdiction lies in only one district: the district of confinement.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also* 28 U.S.C. § 2241(a) (stating that district courts are limited to granting habeas relief "within their respective jurisdictions.").

Moreover, "longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435; *cf. id.* at note 8 (declining to resolve the question of whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation).

In this case, Singh is detained at the Mira Loma Detention Center, which is located in the Central District of California. Habeas Petition ¶ 8; Declaration of Miguel Ayala ¶ 8. Under the habeas statutes and the Supreme Court's opinion in *Padilla*, Singh must file his habeas petition in the Central District of California and he must name his immediate custodian, not Michael Chertoff, Michael Mukasey, or David Still.

## IV. CONCLUSION

For the reasons stated above, the respondents respectfully ask this Court to dismiss the petition for writ of habeas corpus or, in the alternative, to transfer the habeas petition to the United States District Court for the Central District of California.[2]

Date:  May 28, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Respondents

---

[2] If the Court denies the respondents' motion to dismiss or, in the alternative, to transfer the habeas petition, the respondents will file a return in opposition to the habeas petition.

MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
C-08-2355 JF

1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Chief, Civil Division
3  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102
       Telephone: (415) 436-6915
6      FAX: (415) 436-7169

7  Attorneys for Respondents

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11 
   NAVDIP SINGH,                              )
12                                            )
                    Petitioner,               )  No. C-08-2355-JF
13                                            )
           v.                                 )  **DECLARATION OF MIGUEL**
14                                            )  **AYALA**
   MICHAEL CHERTOFF, Secretary of the         )
15 Department of Homeland Security; MICHAEL   )
   MUKASEY, U.S. Attoreny General; DAVID N.   )
16 STILL, Director of Immigration and Naturalization )
   Services (USCIS),                          )
17                                            )
                    Respondents.              )
18 _____)

19 I, MIGUEL AYALA, DECLARE AS FOLLOWS:

20    (1) I am a Deportation Officer for Detention and Removals for Immigration and Customs

21 Enforcement (ICE) in Lancaster, California. In that capacity, I have reviewed the petitioner's

22 Administrative File and have direct knowledge of this case and attest as follows.

23    (2) The petitioner, Navdip Singh, A76-674-317, is currently in the custody of the United

24 States Immigration and Customs Enforcement (ICE) at the Mira Loma Detention Facility in

25 Lancaster, California.

26    (3) The petitioner is a native and citizen of India who initially entered the United States

27 without inspection on October 1, 1991.

28    (4) The petitioner was charged in a Notice to Appear (NTA) with removal from the United

AYALA DECLARATION
C-08-2355 JF

1  States as an alien present in the United States without inspection or parole.

2  (5) The petitioner was ordered removed to India by an Immigration Judge on March 6, 2000.

3  (6) The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision on
4  April 14, 2003.

5  (7) The ICE arrested Singh on August 16, 2007, in order to effectuate Singh's removal order.

6  (8) The petitioner is being detained by ICE at the Mira Loma Detention Center, 45100 North
7  60th Street West, Lancaster, California, 93536.

8  (9) The Consulate General of India has not yet issued a travel document, which is necessary
9  to effectuate the petitioner's removal to India.

10  I declare under penalty of perjury that the foregoing is true and correct.

12  Dated:  May 27, 2008

*M. Ayala*
Miguel Ayala
Deportation Officer
Detention and Removals
United States Immigration and Customs Enforcement
Lancaster, California