\*\*E-Filed June 12, 2008\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVDIP SINGH,<br><br>                Petitioner,<br><br>     v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; MICHEAL MUKASEY, U.S. Attorney General; DAVID N. STILL, Director of Immigration and Naturalization Services (USCIS),<br><br>                Respondents. | Case Number C 08-2355 JF<br><br>ORDER[1] OF TRANSFER<br>[re: docket no. 3] |

Petitioner Navdip Singh ("Singh") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 7, 2008. On May 28, 2008, Respondents Michael Chertoff, Secretary of Homeland Security, et al. ("Respondents"), moved to dismiss or, in the alternative, to transfer the action. For the reasons discussed below, the motion to transfer will be granted.

**I. BACKGROUND**

Singh alleges the following. He is a native and citizen of India who entered the United

---

[1] This disposition is not designated for publication in the official reporter.

States seeking asylum on October 1, 1991. His wife, a lawful permanent resident, and their three children, all United States citizens, reside in Colton, California. The family owns and operates a food store in San Bernardino, California. Singh claims that he is eligible for a green card as the spouse of a legal permanent U.S. resident. He also contends that he is eligible for a marriage-based adjustment relief from removal. A motion for relief is pending before the Board of Immigration Appeals ("BIA").

Respondents assert the following. Singh was ordered removed by an Immigration Judge on March 6, 2000. The BIA affirmed this decision on April 14, 2003. On August 16, 2007, Singh was arrested by the United States Immigration and Customs Enforcement ("ICE") for execution of the removal order.

Singh currently is detained at the Mira Loma Detention Center in Lancaster, California. He alleges that his detention has long exceeded the maximum limit permitted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He alleges that no significant likelihood of removal exists in the reasonably foreseeable future.

## II. DISCUSSION

The Supreme Court recently held that the "plain language" of 28 U.S.C § 2241(a) "confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Accordingly, district courts are limited "to granting habeas relief within their respective jurisdictions." *Id.* at 442 (internal quotations omitted). Respondents assert that Singh currently is detained in Lancaster, California, which is within the jurisdiction of the Central District of California.

The Ninth Circuit has held that the federal transfer statute, 28 U.S.C § 1631, is applicable in habeas proceedings. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). According to the Ninth Circuit, "transfer is appropriate under §1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera*, 245 F.3d at 1074. In reviewing the

1  instant motion, this Court finds that the first two conditions plainly are met. With respect to the
2  third condition, this Court concludes that Singh has filed his petition in good faith. Requiring
3  Singh to re-file his petition in the Central District of California would be "time consuming and
4  justice-defeating." *Id.* Accordingly, transfer to the Central District of California is appropriate.[2]

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED:

(1) the petition is TRANSFERRED to the United States District Court for the Central District of California; and

(2) the Clerk shall close this Court's file.

DATED: June 13, 2008

---------------------------------------
JEREMY FOGEL
United States District Judge

---

[2] Respondents also argue that the only proper respondent is the warden of the detention center at which Singh is being detained. In light of its determination that this action should be transferred, the Court defers resolution of this issue to the transferee court.

1  This Order has been served upon the following persons:

2  Navdip Singh
Box 6801
3  Orange, CA 92863
Fax: 714-921-3866
4
Edward A. Olsen
5  United States Attorney's Office
450 Golden Gate Avenue
6  Box 36055
San Francisco, CA 94102
7  Fax: 415-436-6927
Email: edward.olsen@usdoj.gov

4

Case No. C 08-2355 JF
ORDER TRANSFERRING PETITION
(JFEX1)